IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PRESTON MARSHALL, INDIVIDUALLY, AND RUSK CAPITAL MANAGEMENT, L.L.C., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| MAROPCO, INC., E. PIERCE MARSHALL, JR., EDWIN K. HUNTER, HUNTER, HUNTER & SONNIER, LLC, AND TROF, INC. | § § § § § | |
| Defendants. | § § § | |

## DEFENDANT MAROPCO, INC.'S NOTICE OF REMOVAL

Defendant MarOpCo, Inc. ("MarOpCo") hereby removes the above-captioned action from the 11th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, pursuant to 28 U.S.C. Sections 1331, 1441, and 1446. Removal is proper on the following grounds:

## I.    BACKGROUND

1.    Plaintiffs Preston Marshall and Rusk Capital Management, L.L.C. (collectively, "Plaintiffs") commenced this action in the 11th Judicial District Court of Harris County, Texas on June 22, 2015 against MarOpCo.  (*See* App. 37.)

2.    Through their Third Amended Petition, Plaintiffs added Defendants E. Pierce Marshall, Jr. (App. 283); Edwin K. Hunter (App. 283); and Hunter, Hunter & Sonnier, LLC (App. 283).  Through their Fifth Amended Petition, Plaintiffs added Defendant Trof, Inc.  (App. 1105-06.)

3.      Defendants MarOpCo and E. Pierce Marshall, Jr. filed answers and appeared in the state court lawsuit.  (App. 157-58, 266-70, 427-29, 1748-51, 2429-35.)  Defendants Edwin K. Hunter and Hunter, Hunter & Sonnier, LLC filed a Special Appearance objecting to the state court's exercise of personal jurisdiction over them.  (App. 419-26, 1030-36.)  The state court denied Defendants Edwin K. Hunter and Hunter, Hunter & Sonnier, LLC's Special Appearance (App. 1721, 1723-25) and Edwin K. Hunter and Hunter, Hunter & Sonnier, LLC have appealed that order.  Defendants Edwin K. Hunter and Hunter, Hunter & Sonnier, LLC subsequently filed an answer.  (App. 2413-28.)  Defendant Trof, Inc. filed a Special Appearance objecting to the state court's exercise of personal jurisdiction over them (App. 2445-71), but the state court has not yet ruled on Trof, Inc.'s Special Appearance (*see* App. 4.)

4.      On August 12, 2016, which was the court-ordered deadline to file amended pleadings, Plaintiffs filed their Sixth Amended Verified Petition and Requests for Temporary and Permanent Injunction.  (App. 1752-2412.)  Plaintiffs' Sixth Amended Petition included a new claim pled against all Defendants: violation of the Computer Fraud and Abuse Act, 18 U.S.C. Section 1030.  (App. 1790-91, ¶¶ 115-119.)  Plaintiffs alleged a federal cause of action for the first time on August 12, 2016.  (App. 1790-91, ¶¶ 115-119.)

5.      Plaintiffs' Sixth Amended Petition also includes the following causes of action: wrongful discharge, breach of contract, tortious interference with existing contracts, tortious interference with business relationships and fiduciary duties, violation of privacy rights, conversion, trespass to chattel, violation of the Texas Harmful Access by Computer Act, misappropriation of trade secrets under the Texas Uniform Trade Secrets Act, breach of fiduciary duty, knowing participation in breach of fiduciary duty, fraud, fraudulent inducement, fraudulent concealment, fraud in a stock transaction, conspiracy, and defamation.  (App. 178-96, 1799-

1800.)  In addition to seeking monetary damages for the foregoing claims, Plaintiffs seek a declaratory judgment (App. 1796-99) and injunctive relief (App. 1801-05).  Plaintiffs have demanded a jury trial.  (*See* App. 22.)

6.      Plaintiffs' Sixth Amended Complaint does not require a responsive pleading from any of the Defendants.  Defendants MarOpCo, E. Pierce Marshall, Jr., Edwin K. Hunter, and Hunter, Hunter & Sonnier LLP have all filed answers in the state court action that include general denials of Plaintiffs' claims.  (App. 157, 266, 427, 1748, 2413, 2421-22, 2429.)  Under Texas Rule of Civil Procedure 92, "[w]hen the defendant has pleaded a general denial, and the plaintiff shall afterward amend his pleading, such original denial shall be presumed to extend to all matters subsequently set up by the plaintiff."  Tex. R. Civ. P. 92.  In lieu of an answer and pursuant to Texas Rule of Civil Procedure 120a, Defendant Trof, Inc. filed a Special Appearance in response to Plaintiffs' Fifth Amended Petition to challenge the state court's exercise of personal jurisdiction over it.  (*See* App. 2445-71.)

7.      MarOpCo has asserted counterclaims for breach of contract, breach of fiduciary duty, constructive fraud, constructive trust, breach of duty of loyalty, conversion, misappropriation of trade secrets, violation of the Computer Fraud and Abuse Act, harmful access by computer, and trespass.  (App. 1052-61.)

## II.      **JURISDICTION**

8.      This Court has original jurisdiction over this matter because Plaintiffs' Sixth Amended Petition invoked federal question jurisdiction.

9.      Plaintiffs assert that Defendants violated the Computer Fraud and Abuse Act, 18 U.S.C. Section 1030, which is a federal law that creates a civil cause of action.  *See Fiber Sys.*

*Int'l, Inc. v. Roehrs*, 470 F.3d 1150, 1156 (5th Cir. 2006) (holding that the Computer Fraud and Abuse Act, though a criminal statute, creates a private civil cause of action).

10.     Specifically, Plaintiffs allege in relevant part that Defendant E. Pierce Marshall, Jr., "acting in his individual capacity and as general counsel of MarOpCo, permitted and/or caused the Hunter Parties (also acting for their own benefit) to access, obtain information, copy, take/steal, and image Plaintiffs' secure computer system and databases." (App. 1791, ¶ 117.) Plaintiffs further allege that the "access and control was intentional, willful, and without Plaintiffs' consent." (App. 1791, ¶ 117.) Plaintiffs contend that their computer systems were "'protected computers' as defined in 18 U.S.C. § 1030(e)(2)(B)" and that "Defendants violated 18 U.S.C. §§ 1030(a)(2)(C) and 1030(a)(5)(C)." (App. 1791, ¶¶ 117-118.)

11.     This Court has federal question jurisdiction over the dispute since the face of Plaintiffs' Sixth Amended Petition demonstrates that Plaintiffs' Computer Fraud and Abuse Act claim is created by and therefore arises under federal law. *See, e.g.*, *Willis of Tex., Inc. v. Stevenson*, No. H-09-CV-0404, 2009 WL 7809247, at *5 (S.D. Tex. May 26, 2009) (holding that the Computer Fraud and Abuse Act vested the district court with federal question jurisdiction); *see also Ennis Transp. Co. Inc. v. Richter*, No. 3:08-CV-2206-B, 2009 WL 464979, at *1 (N.D. Tex. Feb. 24, 2009) (same). Accordingly, the state court action is properly removed to this Court.

12.     Plaintiffs' state law claims and MarOpCo's counterclaims are also subject to removal under 28 U.S.C. Section 1367(a) because the claims all derive from a common nucleus of operative fact and are so related to Plaintiffs' federal claim that they form part of the same case or controversy. *See* 28 U.S.C. § 1367(a); *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)).

13.     At their core, all of Plaintiffs' claims and MarOpCo's counterclaims stem from Plaintiff Preston Marshall's employment with MarOpCo and the termination of that employment. (*See* App. 1762-1805; App. 1044-61.)  Plaintiffs' claim for violation of the Computer Fraud and Abuse Act arises from Defendants' alleged actions in connection with Plaintiff Preston Marshall's termination of employment, as Plaintiffs allege that Plaintiffs' property, including their computer equipment, was immediately seized when Preston Marshall was terminated and then wrongfully copied and accessed.  (App. 1771-74.)

## III.     PROCEDURAL REQUIREMENTS

14.     This action is properly removed to this Court because the state court action is pending within this district and division.  28 U.S.C. §§ 1441(a), 124(b)(2).

15.     Plaintiffs filed their federal claim on August 12, 2016 through their Sixth Amended Petition.  (App. 1752, 1790-91, 1808.)   Thus, Defendants received "an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable" on August 12, 2016.  28 U.S.C. § 1446(b)(3). Removal is thus timely because MarOpCo filed this Notice of Removal within thirty days after MarOpCo received notice that the case was one which had become removable.  *See* 28 U.S.C. § 1446(b).

16.     As required by 28 U.S.C. § 1446(a) and Local Rule 81 of the United States District Court for the Southern District of Texas, MarOpCo has attached the following to this Notice of Removal: (1) all executed process in the case; (2) all pleadings asserting causes of action and all answers to such pleadings; (3) all orders signed by the state judge; (4) the state court docket sheet; (5) an index of matters being filed; and (6) a list of all counsel of record, including addresses, telephone numbers, and parties represented.  (*See generally* App.)

17.     As required by 28 U.S.C. Section 1446(d), almost immediately after the filing of this Notice of Removal, MarOpCo will file notice of this Notice of Removal in the 11th Judicial District Court of Harris County, Texas and provide all Plaintiffs and Defendants with copies of this Notice of Removal, the exhibits to this Notice of Removal, and the notice filed with the state court.

18.     All Defendants consent to the removal of the state court action to federal court. Defendants E. Pierce Marshall, Jr., Edwin K. Hunter, Hunter, Hunter & Sonnier, LLP, and Trof, Inc. will separately file their consents to removal.

## IV.     CONCLUSION

Defendant MarOpCo removes this action from the 11th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division so that the Court may assume jurisdiction over the case as provided by law.

Dated:  September 9, 2016          Respectfully submitted,


/s/ John T. Cox III
John T. Cox III (Attorney-in-Charge)
Texas Bar No. 24003722
Southern District of Texas Bar No. 27251
tcox@lynnllp.com
Christopher J. Akin (Of Counsel)
Texas Bar No. 00793237
Southern District of Texas Bar No. 28176
cakin@lynnllp.com
Kent Krabill (Of Counsel)
Texas Bar No. 24060115
Southern District of Texas Bar No. 916980
kkrabill@lynnllp.com
Russell G. Herman (Of Counsel)
Texas Bar No. 24083169
Southern District of Texas Bar No. 2383214
rherman@lynnllp.com
**LYNN PINKER COX & HURST, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Telephone: (214) 981-3800
Facsimile:  (214) 981-3839


Michael Reese Davis (Of Counsel)
Texas Bar No. 00795074
Southern District of Texas Bar No. 795074
mdavis@hymeldavis.com
**HYMEL DAVIS & PETERSEN, LLC**
10602 Coursey Boulevard
Baton Rouge, Louisiana 70816
Telephone: (225) 298-8118
Facsimile:  (225) 298-8119

**ATTORNEYS FOR DEFENDANT,
MAROPCO, INC.**

## CERTIFICATE OF SERVICE

I certify that all counsel of record shown below have been served a true and correct copy of MarOpCo's Notice of Removal and all attachments thereto on September 9, 2016 via electronic mail and Certified Mail, Return Receipt Requested:

COUNSEL FOR PLAINTIFFS:

Mark Siurek
Patricia Haylon
WARREN & SIUREK, LLP
3334 Richmond Avenue, Suite 100
Houston, Texas 77098
msiurek@warrensiurek.com
thaylon@warrensiurek.com

Paul J. Dobrowski
Akilah F. Craig
Davis Bradford
DOBROWSKI, LARKIN & JOHNSON LLP
4601 Washington Avenue, Suite 300
Houston, Texas 77007
pjd@doblaw.com
acraig@doblaw.com
dbradford@doblaw.com

Jeffrey W. Chambers
CHAMBERS LAW FIRM
2929 Allen Parkway, Suite 200
Houston, Texas 77019
jeffchambers@chambers-law-group.com

COUNSEL FOR E. PIERCE MARSHALL, JR.:

Jeff Golub
David Beck
BECK REDDEN LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77010-2010
jgolub@beckredden.com
dbeck@beckredden.com

COUNSEL FOR EDWIN K. HUNTER AND
HUNTER, HUNTER & SONNIER, LLC:

L. Bradley Hancock
Christopher David Johnsen
HOLLAND & KNIGHT LLP
1100 Louisiana Street, Suite 4300
Houston, Texas 77002
brad.hancock@hklaw.com
chris.johnsen@hklaw.com

Ashish Mahendru
Darren A. Braun
MAHENDRU, PC
639 Heights Boulevard
Houston, Texas 77007
amahendru@thelitigationgroup.com
dbraun@thelitigationgroup.com

COUNSEL FOR TROF, INC.:

R. Paul Yetter
Bryce L. Callahan
Robert K. Ellis
YETTER COLEMAN LLP
909 Fannin, Suite 3600
Houston, Texas 77010
pyetter@yettercoleman.com
bcallahan@yettercoleman.com
rellis@yettercoleman.com

_/s/ John T. Cox. III_
John T. Cox III

4833-7804-4215