United States District Court
Southern District of Texas
**ENTERED**
November 17, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PRESTON MARSHALL, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-2731 |
| | § | |
| MAROPCO, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Plaintiffs Preston Marshall and Rusk Capital Management, LLC's (collectively, "Plaintiffs") Motion to Remand (Doc. #8), Plaintiffs' Motion to File Amended Complaint (Doc. #9), Defendant MarOpCo, Inc.'s ("MarOpCo") Response to Plaintiffs' Motion to Amend (Doc. #21), MarOpCo's Response to Plaintiffs' Motion to Remand (Doc. #23), Defendants E. Pierce Marshall, Jr. ("Pierce") and Trof, Inc.'s ("Trof") Joinder in MarOpCo's Responses (Docs. #24, 25), and Plaintiffs' Reply (Docs. #27, 28). Additionally, before the Court is Defendant Trof's Motion to Transfer Case (Doc. #14), Defendants Pierce and MarOpCo's Joinder (Docs. #17, 19), Plaintiffs' Responses (Doc. #35, 36), and Defendants' Replies (Doc. #42, 43, 44). Each side argues that the Court should decide their motion first.

### I. Background

This dispute arises from the termination of Preston Marshall's ("Preston") employment by Defendant MarOpCo, Inc. As part of his employment with MarOpCo, Preston signed a mandatory forum-selection clause. That clause states:

> In the event litigation is necessary, such legal action shall be commenced only in a federal court located in Dallas, Texas or if federal court shall not have jurisdiction for whatever reason then in a state district court located in Dallas, Texas. Any litigation commenced other than in a federal court located in Dallas, Texas shall be subject to being dismissed, stayed or having venue transferred to a

>federal court located in Dallas, Texas at the option of the party not commencing said litigation.

Doc. #14, Ex. A. This litigation was originally filed in the 11th Judicial District Court of Harris County, Texas on June 22, 2015 against MarOpCo.[1] Plaintiffs added Defendants E. Pierce Marshall, Jr., Edwin K. Hunter, and Hunter, Hunter & Sonnier, LLC in the Third Amended Petition, and Defendant Trof, Inc in the Fifth Amended Petition. On August 12, 2016, through the Sixth Amended Petition, Plaintiffs for the first time added a federal claim against all defendants—Computer Fraud and Abuse Act, 18 U.S.C. § 1030. On September 9, 2016, MarOpCo removed this case to federal court with the consent of all Defendants (Docs. #1, 3, 4, 5).[2]

On September 21, 2016, Defendant Trof filed a Motion to Transfer Venue (Doc. #14). Defendants Pierce and MarOpCo joined in that Motion (Docs. #17, 19). Plaintiffs responded urging: (1) MarOpCo waived enforcement of the forum clause; (2) Rusk Capital Management, LLC ("Rusk") is a non-signatory, and, therefore, the clause cannot be enforced against them; (3) the Defendants, with the exception of MarOpCo, are non-signatories and, therefore, cannot enforce the clause; (4) the claims asserted against Trof, Pierce, and the Hunter Parties, and majority of the claims asserted against MarOpCo, are not governed by the forum selection clause

---

[1] Plaintiffs' argument that enforcement of the forum selection provision has been waived is not legally justified. The Defendants had no right under the Texas venue statutes to enforce the clause's alternative forum of state court in Dallas. *See* TEX. CIV. PRAC. AND REM. CODE § 15.020 (a)-(b). Accordingly, Defendants' first opportunity to enforce the forum selection clause occurred when Plaintiffs added a federal claim making the case removable.

[2] Plaintiffs' argument that removal was improper because Defendants Edwin K. Hunter and Hunter, Hunter & Sonnier, LLC's (collectively the "Hunter Parties") consent to removal was invalid lacks merit. The Hunter Parties' consent states, "Subject to their pending appeal on the denial of their special appearances…[we] consent to removal." Doc. #8 at 9. The Court has not found, nor has the Plaintiffs identified, any legal authority reflecting that such an addition to a consent to removal makes it invalid. Accordingly, as far as the Court is concerned, this case was properly removed to Federal Court.

because as written the clause only covers claims arising "under" the agreement; (5) since most of the claims are not covered by the clause, to avoid splintered litigation, none of the claims or defendants should be transferred under the forum selection clause; and (6) regardless, Plaintiffs' Motion to Amend and Motion to Remand should be decided before Defendants' Motion to Transfer Venue.

**II.   Order of Motions**

Defendants Pierce, MarOpCo, and Trof (collectively, "Moving Defendants")[3] argue that the Court should rule on their Motion to Transfer Venue before reaching Plaintiffs' Motion to Amend or their Motion to Remand—this Court agrees. When parties negotiate for a particular forum and place it within their contract, the contracted forum should, except in the most exceptional cases, decide the entire case, not just pieces of the litigation. *Tex. Source Group, Inc. v. CCH, Inc.*, 967 F. Supp. 234, 235 n.1 (S.D. Tex 1997) (deciding a forum-clause motion to transfer before a motion for leave to amend a complaint, stating "judicial integrity dictates that the court to whom the case is transferred should have the opportunity to deal with the case in its entirety, not pieces of the case carved off by another court."). Whether the Plaintiffs are allowed to amend their complaint to remove their only federal claim is an important decision in the case as it may dictate whether the case proceeds in federal or state court. Accordingly, if transfer is proper, the contracted forum should decide whether to allow the amendment and this Court will not substitute its discretion for the contracted forum's discretion.

As to Plaintiffs' Motion to Remand, the Court acknowledges that typically a court would decide its own jurisdiction before a motion to transfer venue. However, as the Moving

---

[3] The Hunter Parties have not joined in the Motion to Transfer Venue as they are challenging person jurisdiction, and are currently pursuing an appeal of the denial of their special appearance in state court. As such, this Court will view the Hunter Parties as neutral on the Motion.

3

Defendants point out, it is clear under the operative complaint that the Court has, at least in part, subject matter jurisdiction.[4] The real question of jurisdiction presents itself if the Court allows the Plaintiffs to amend their complaint to drop their sole federal claim. Accordingly, as the Motion to Amend can only be decided after a determination of whether transfer is appropriate, the Court must also decide the Motion to Transfer before Plaintiffs' Motion to Remand.

### III. Motion to Transfer Venue

#### A. Analysis

##### i. Scope of the Forum-Selection Clause

"Not only does '[f]ederal law govern the determination of whether an enforceable forum selection clause exists' but federal law also controls whether [Plaintiffs'] lawsuit falls within the scope of the forum selection clause." *Ondova Ltd. Co. v. Manila Industries, Inc.*, 513 F.Supp.2d 762, 772 (N.D.Tex. June 16, 2007) (quoting *Aerus LLC v. Pro Team, Inc.*, 2005 WL 1131093, at *1 (N.D.Tex. May 9, 2005) and citing *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 497 (9th Cir.2000) ("federal law governs the analysis of the effect and scope of forum selection clauses.")). Importantly, "[t]he scope of a forum selection clause is not limited solely to claims for breach of the contract that contains it." *MaxEn Capital, LLC v. Sutherland*, No. H–08–3590, 2009 WL 936895, at *6 (S.D.Tex. April 3, 2009). This Court should "look to the language of the parties' contracts to determine which causes of action are governed by the forum selection clauses." *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 222 (5th Cir.1998).

Generally, "[c]lauses that extend to all disputes that 'relate to' or 'are connected with' the contract are construed broadly, while clauses that cover disputes 'arising out of' or over 'the implementation and interpretation of the contract' are construed narrowly." *Pinnacle Interior*

---

[4] The petition, as removed, asserted a Federal Computer Fraud & Abuse Act claim against all Defendants.

4

*Elements, Ltd. v. Panalpina,* No. 3:09–CV–0430–G, 2010 WL 445927, at *5 (N.D.Tex. Feb. 9, 2010) (quoting *Pennzoil Exploration and Production Company v. Ramco Energy Limited,* 139 F.3d 1061, 1067 (5th Cir.1998); *MaxEn Capital, LLC v. Sutherland,* 2009 WL 936895, at *6 (S.D.Tex. Apr.3, 2009)). Therefore, "[w]hether a forum selection clause encompasses other claims depends principally on how broadly the clauses are worded." *MaxEn Capital, LLC,* 2009 WL 936895, at *6.

The language of the forum selection clause under consideration does not limit itself to only claims "arising out of" the contract. Instead, the clause simply states that the forum selection clause will apply "in the event litigation is necessary." As no limitation was contracted into the clause by the parties, this Court will not insert one. As such, since litigation has been initiated by one signatory against another signatory, the forum selection clause applies to the entire case.[5]

### ii. Motion to Transfer Venue

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "Because the overarching consideration under § 1404(a) is whether a transfer would promote the interest of

---

[5] This Court does not find merit in Rusk's argument that they were not a signatory to the contract, and, therefore, the forum selection clause cannot be enforced as to them. Rusk seeks several forms of relief under the employment agreement, including seeking attorney's fees under said agreement. This allows enforcement of the clause against them. *Vloeibare Pret Ltd. V. Lloyd's Register N. Am., Inc.,* 606 Fed. Appx 782, 784 (5th Cir. 2015) (enforcing a forum clause against a non-signatory plaintiff that asserted claims "that must be determined by reference to that contract"). Further, the Forum Selection Clause, as laid out above, clearly applies to the entire litigation, including claims brought by Rusk—Rusk chose to bring its claims alongside Preston, accordingly, Rusk chose to be subject to the Forum Selection Clause.

justice, a valid forum-selection clause should be given controlling weight in all but the most exceptional cases." *Atl. Marine,* 134 S.Ct. at 581.

In this case, Plaintiffs have not identified, nor has this Court found, any exceptional circumstances to justify not giving the forum-selection clauses controlling weight, as dictated by the Supreme Court. All of Plaintiffs' arguments center around how a state court forum would be more appropriate, but, as laid out above, consideration of Plaintiff's Motion to Remand is inappropriate at this time. Accordingly, as the forum selection clause in this case covers the entire litigation, the entire case is transferred pursuant to the contract entered into by Preston and Defendant MarOpCo.[6]

## IV. Conclusion

The Moving Defendants' Motion to Transfer Venue is GRANTED. This case is transferred to the Dallas Division of the Northern District of Texas for resolution.

It is so ORDERED.

NOV 17 2016
Date

The Honorable Alfred H. Bennett
United States District Judge

---

[6] Should a non-signatory dislike the application of the forum selection clause in this case, particularly the Hunter Parties if their appeal disputing personal jurisdiction fails, they should move to sever the claims against them and transfer the severed portion of the case back to this Court. However, under the broad language in the forum selection clause, any litigation between the signatories of the contract must proceed in the contracted forum—even if that litigation concerns non-signatories. A plaintiff cannot simply avoid a forum selection clause by adding non-signatories to the contract in the litigation.